1   Leslie Peralta (CA State Bar Associate #505673)
    dba AMETHYST INNOVATIONS
2   195 Blossom Hill Rd #205
    San Jose CA  95123
3   _Mailing Address:_
    PO Box 20614
4   Riverside CA  92516
5   Tel:     408-509-2320
    Fax:     855-752-5610
6   Email:   lesliesj4@aol.com
    Plaintiff in Pro Se
7

Filed

APR 08 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

ADR

E-filing

8            UNITED STATES DISTRICT COURT
9
10           NORTHERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| 12   Leslie Peralta dba | Case No.:   CV 15  01595  NC |
| Amethyst Innovations, | |
| 13 | **COMPLAINT FOR DAMAGES** |
| 14          Plaintiff, | **AND INJUNCTIVE RELIEF** |
| 15   v. | **PATENT INFRINGEMENT** |
| 16 | **35 USC §271, ET SEQ., AND** |
| California Franchise Tax Board, a State | **PENDENT STATE LAW CLAIMS** |
| 17   Agency, Director Selvi Stanislaus and | |
| Tax Counsel Nancy Parker, In Individual and | **DEMAND FOR JURY TRIAL** |
| 18   Official Capacities; | |
| 19 | |
| California State Treasurer John | |
| 20   Chiang, formerly California State Controller, | |
| In Individual and Official Capacity; | |
| 21 | |
| California State Attorney General | |
| 22   Kamala Harris and Deputy Attorney General | |
| Krista Dunzweiler, In Individual and Official | |
| 23   Capacities; and Does 1-50, | |
| 24 | |
| Defendants. | |
| 25 | |

## INTRODUCTION

1.     This is a case involving trade secret theft, fraudulent concealment, ongoing and willful patent infringement and numerous other causes of action by a California State agency and its officers and employees after said defendants obtained such proprietary material from Plaintiff under a binding non-use and non-disclosure agreement in 2006. Further, it is the case of the defense and non-prosecution of such unlawful conduct by the incumbent California Attorney General and at least one of her deputy attorneys general, said incumbent Attorney General having applied for and accepted $200,000 in federal grant monies, at a minimum, for the express purpose of prosecuting intellectual property theft occurring within the State of California, as is the case here, and within the same timeframe as Plaintiff's work was stolen (pre-patent grant) and is being infringed (post-patent grant).  The Plaintiff is the sole inventor and owner of the patented work, having developed same a decade ago, and obtaining her US Patent No. 7,584,129, an innovative method to recover governmental tax revenues, in 2009.  After writing Plaintiff in 2008 that they could not use her intellectual property, in 2011 Plaintiff discovered via the world wide web ('internet') indisputable evidence that defendants were indeed using her trade secret protected and thereafter US Patented work.  Despite Plaintiff's written demands, defendants have failed and refused, and continue to fail and refuse, to cease and desist using Plaintiff's patented work, and refuse to ever pay for their unauthorized use of same, both past and present.  Plaintiff alleges the theft of her work dates back to 2008, when her registered intellectual property was in trade secret protected status.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS

LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50

UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 2

2.      This lawsuit seeks to enforce Plaintiff's constitutionally and statutorily protected rights to exclude defendants from their unauthorized and unlawful use of her patented work, to recover damages for Plaintiff's losses from 2008 to the present, and injunct defendants from any and all further unauthorized use, which will result in irreparable harm to Plaintiff.  Critically, therefore, this action also seeks to restore control and use of Plaintiff's patent back to Plaintiff from the unauthorized dominion and control of such patent by defendants, which results in Plaintiff's complete inability to market and utilize her own patent as defendants' activities, with or without third parties, effectively depriving Plaintiff from use of her own patent.  As a result, Plaintiff has been and is unable to derive any income from her patented work, her company's sole business asset, while defendants' unlawful and unauthorized use of Plaintiff's  patent has earned them untold amounts of revenues.

### JURISDICTION AND VENUE

3.      This is an action for patent infringement under Title 35 of the United States Code. Pendent state law claims included herein, which this Court has supplemental jurisdiction over, also arise from the same subject matter.

4.      Jurisdiction is proper in this Court pursuant to 28 USC §1331 (Federal question) and §1338(a) (Patents) because this is a civil action arising under the United States patent statutes, 35 USC §101, et seq.

///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS

LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-60

UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 3

5.      Venue is proper under 28 USC §1391(c) and §1400(b) because Defendants have committed acts of infringement in this district and, as statewide agencies and employees, are deemed to reside in this district.

6.      This Court has personal jurisdiction over Defendants and venue is proper in this district because Defendants have committed, and continue to commit, acts of infringement throughout the State of California, including in this district.

7.      At all times herein, Plaintiff was and is a resident of Northern California, legally domiciled in this district, and was and is being harmed in this district.

8.      Defendant Kamala Harris waived the State of California's Eleventh Amendment immunity to suit in federal court upon application for, award, and taking of a $200,000 federal grant in 2012 expressly intended to prosecute intellectual property theft. Such application for the grant and award was made on the express condition that the state be subject to any and all federal statutes and regulations involving intellectual property rights, as any other defendant would be for like violations. Defendants Harris and Dunzweiler actively concealed this information from Plaintiff, who requested the grant under the authority of the California Public Records Act, which these defendants refused to produce. Thereafter, Plaintiff separately obtained the grant and evidentiary information confirming the state's waiver of immunity from a cooperative federal source, and thus now brings suit in federal court while concurrently dismissing without prejudice the original action brought in state court in August 2014, which Plaintiff filed at a time when Plaintiff was unaware of the federal grant and its conditions of waiver of immunity.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS
LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50
UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 4

The United States Supreme Court, in a 1999 5-4 decision, reaffirmed the constitutionality of a state effectuating a waiver of immunity from suit in federal court by participating in a federal grant program. <u>College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board, 527 US 666, 679-687; 119 S. Ct. 2219, 2231; 144 L. Ed. 2d 605 (1999).</u>

## FACTS COMMON TO ALL CAUSES OF ACTION

9.      On September 1, 2009, United States Letters Patent No. 7,584,129 were duly and legally issued to the Plaintiff for an invention entitled, *'Escrow Method for Settlement of Tax Liens ("EMSTL" tm) (Federal, State, Local) of Lienholders Against Real Property (Residential, Commercial, Other)'.* Plaintiff is the sole inventor and owner of the patent, owned the patent throughout the period of Defendants' infringing acts, and still owns the patent.

10.     Defendants have infringed and are still infringing the Letters Patent, and have induced infringement of the patent by aiding and abetting same with full knowledge of the patent; by making, possibly selling, and using Plaintiff's above-referenced patent that embodies the patented invention, and will continue to do so unless enjoined by this Court.

11.     Plaintiff has complied with the statutory requirement of giving notice of the Letters Patent to Defendants and further by giving written notice of their infringement to Defendants, and demanded Defendants cease and desist their unauthorized use of Plaintiff's patent. Defendants have failed and refused to cease and desist, and continue

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS

LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50

UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 5

to fail and refuse to cease and desist.

12.    The Supremacy Clause of the United States Constitution, Article VI, Section II, controls in this action, based on its subject matter.

13.    Federal law, which constitutionally applies to Plaintiff's federally protected intellectual property, does not recognize state statutory privileges on claims based on federal law. <u>Federal Rule of Evidence 501</u>.

14.    The rights conferred by the issuance of Letters Patent are federal rights, and the federal patent law is the supreme law of the land, so that when state law touches on the patent field the federal policy may not be set at naught or its benefits denied by state law, even if it is enacted in the exercise of otherwise undisputed state power. <u>Sperry v. State of Florida ex rel Florida Bar, 373 US 379, 83 S. Ct. 1322, L. Ed. 2d 428 (1963); Sears, Roebuck & Co. v. Stiffel Co., 376 US 225, 84 S. Ct. 784, 11 L. Ed. 2d 661 (1964).</u>

15.    In 2013, the United States Patent and Trademark Office approximated that the worth of intellectual property to the U.S. economy is more than $5 trillion and creates employment for an estimated 18 million people.

16.    The California Constitution, Article III, Section1, acknowledges that the United States Constitution is the "supreme law of the land."  Plaintiff's intellectual property is and was, at all times herein, federally protected as per the United States Constitution, Article I, Section 8, Clause 8.

17.   The California Constitution, Article I, Section 26, provides that "The provisions of this Constitution are mandatory and prohibitory, unless by express words they are declared to be otherwise."

18.   The California Government Claims does **not** apply to this action.  All causes of action hereunder originate from the unlawful taking of Plaintiff's constitutionally (both state and federal) protected private intellectual property, and *"the legislature manifestly may not curtail this right."*  Rose v. State (1942) 19 C2d 713, 123 P2d 505.  Moreover, no statute of limitations is applicable, as defendants' theft (pre-patent grant) and infringement (post-patent grant) of Plaintiff's intellectual property has never ceased, and in fact evidence of such theft and infringement could and can be found on the internet, 24 hours per day, 7 days per week, on defendant FRANCHISE TAX BOARD's own website.  Thus, the common law continuing violation and continuous accrual doctrines apply.

19.   California Government Code §905.1 provides, in applicable part, *"No claim is required to be filed to maintain an action against a public entity for taking of, or damage to, private property pursuant to Section 19 of Article I of the California Constitution."*

20.   Government Code §815 does **not** immunize public entities from liability for constitutionally created causes of action.  Young v. County of Marin (1987) 195 CA 3d 863, 241 CR 169.  All of Plaintiff's causes of action hereunder arise from violation of her constitutionally protected, both state and federal, intellectual property.  Moreover, liability based on a taking by the State supersedes any possible immunities raised by

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS
LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50
UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 7

the Government Claims Act.  Friedman v. City of Los Angeles (1975) 52 CA 3d 317, 321, 125 CR 93.

21.    California Government Code §815.2(a) provides, "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his/her employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."   In this action, defendants' conduct is actionable both civilly and criminally (as to trade secret theft, a federal criminal offense) under any circumstance, governmental defendants or not.  Defendant FRANCHISE TAX BOARD is vicariously liable for the torts of its defendant employees.  Moreover, this section expressly made the doctrine of respondeat superior applicable to public employers, and includes intentional torts as well. <u>C.A. v. William S. Hart Union High School District (2012) 53 C 4th 861, 138 CR 3d 1; Eastburn v. Regional Fire Protection Authority (2003) 31 C 4th 1175, 1183, 7 CR 3d 552</u>.

22.    California Government Code §945.2 provides, "Except as otherwise provided by law, the rules of practice in civil actions apply to actions brought against public entities."

23.    California Government Code §945.8 provides, "If a claim is not required to be presented [as is the case in the instant action], the applicable statute of limitations is the one that would apply to the particular cause of action were it brought against a non-public entity defendant."

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS

LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50

UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 8

24.     California Government Code §815.6 provides that "Where a public entity is under mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." Defendants herein stole use of, and have infringed and continue to willfully infringe Plaintiff's patent, breaching the mandatory duty to first pay compensation to, or into court for, Plaintiff, the owner of such private property, as mandated by the California Constitution, Article I, Section 19, and directly and proximately caused the exact type of harm the enactment was intended to prevent. But for such breach of the constitutionally mandated duty, Plaintiff's injuries would not have occurred, which include but are not limited to lost compensation, lost business profits, lost business opportunities, and damage to her patent by defendants' exercising dominion and control over the patent's use within California, including with third parties.

25.     The delayed discovery rule applies to all causes of action hereunder, as Plaintiff justifiably relied on defendants' 2008 written representations to her that they could not, and therefore would not, use her then trade secret protected and thereafter United States Patented method for recovery of tax revenues, which theft and infringement Plaintiff did not discover until September 5, 2011, over the internet.

///

///

**THE PARTIES**

26.     Plaintiff, at all times herein, was and is a resident of the State of California, legally domiciled in Santa Clara County.

27.     Defendant JOHN CHIANG ('CHIANG'), at all times herein, was the Controller for the State of California, and Chair of the Board charged with oversight of Defendant FRANCHISE TAX BOARD.  As such, and based upon numerous communications to him from Plaintiff,  this defendant was aware of and in a position to terminate and remedy the harm caused Plaintiff by theft and infringement of her intellectual property, but failed and refused to ever do so.

28.     Defendant SELVI STANISLAUS ('STANISLAUS'), at all times herein mentioned, was and remains Executive Director of Defendant FRANCHISE TAX BOARD.  As such, this defendant was in a position to terminate and remedy the harm caused Plaintiff by theft of her intellectual property, but failed and refused to ever do so.

29.     Defendant NANCY PARKER ('PARKER'), at all times herein mentioned, was an employee of Defendant FRANCHISE TAX BOARD, acting within the course and scope of her employment.  Plaintiff asserts all harm caused as described herein commenced with this Defendant, as the online evidence of intellectual property theft and patent infringement Plaintiff discovered on September 5, 2011 is directly linked to this particular defendant.

30.     Defendant FRANCHISE TAX BOARD is an agency of the State of California.

31.     Defendant KAMALA HARRIS ('HARRIS') is the current incumbent Attorney

General of the State of California, having held such position since January 2011, and prior to Plaintiff's September 2011 discovery of and notice to cease and desist infringement of her patent by defendants.  This defendant actively concealed from Plaintiff the $200,000 federal grant received by the Attorney General's Office for the express purpose of investigating prosecuting intellectual property theft, the terms and conditions of which effectuate waiver of immunity by the State of California from suit in federal court.  The State of California's law enforcement agencies, all under this defendant's supervision, have also received, prior to and since that federal grant, like federal grants for like amounts, all with the express purpose of investigating and prosecuting intellectual property crimes.

32.     Defendant KRISTA DUNZWEILER ('DUNZWEILER') is a deputy attorney general employed by the State of California's Office of the Attorney General.  This defendant actively concealed from Plaintiff the federal grant received by the Attorney General's Office for the express purpose of prosecuting intellectual property theft, the terms and conditions of which effectuate waiver of immunity by the State of California from suit in federal court.

33.     Plaintiff is unaware of the true names or capacities, whether individual, corporate, associate or otherwise of Defendants sued herein as Does 1 through 50 inclusive and therefore sues said Defendants by the use of fictitious names, and Plaintiff prays leave that when the true names and capacities of said Defendants are ascertained, they may be inserted herein with appropriate allegations.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS

LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50

UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 11

34.   At all times mentioned herein, and in doing the acts and omissions alleged herein, each Defendant was the agent, servant, and/or employee of the remaining Defendants, and each of them, and was acting with the permission and consent of said Defendants and within the course and scope of said agency and employment for the State of California.

## FACTUAL ALLEGATIONS

35.   In May 2005, Plaintiff filed an unpublished Provisional Patent Application with the United States Patent and Trademark Office as to an innovative method for locating and collecting governmental tax revenues in lien status for federal, state and local governments.

36.   In January 2006, Plaintiff filed her Regular Patent Application with the United States Patent and Trademark Office, also unpublished, as to her Provisional Patent Application as described in paragraph 8 above, all as a result of extensive education, research and development and reduction to practice by Plaintiff in developing her innovative, trade secret protected and thereafter United States Patented tax revenue recovery method for federal, state and local governments.

37.   On or about May 2006, Plaintiff began contacting Defendant FRANCHISE TAX BOARD in order to market her trade secret protected and thereafter United States patented and registered intellectual property described above, at which time said invention was in a patent pending status and trade secret protected status.

38.   On or about December 2006, Defendant FRANCHISE TAX BOARD entered into

a written Non-Disclosure and Non-Use Agreement with Plaintiff, such Agreement prepared by Defendant NANCY PARKER, in order to review Plaintiff's trade secret protected, registered intellectual property as described above.   In said Agreement (**Exhibit 1,** attached hereto and made a part hereof), Defendants acknowledged that Plaintiff *"...shall at all times retain sole and exclusive title to, ownership of, all rights in and control over the use of all its information...".*  Upon mutual execution of said Agreement, Plaintiff, as promised in said Agreement, forwarded to Defendants for their review and potential use a copy of her filed, unpublished United States Patent Application (**Exhibit 2,** attached hereto and made a part hereof – cover page with confidentiality restrictions), without its legal claims, and subject to the

mutually executed Non-Disclosure and Non-Use Agreement of December 2006.  At all times, Defendants were aware of the patent pending status of Plaintiff's trade secret protected, unpublished, registered intellectual property.

39.   On or about March 2007, Defendant FRANCHISE TAX BOARD notified Plaintiff via telephonic message that, upon review, it was unable to utilize Plaintiff's registered intellectual property as described above, that a "legislative amendment" would be needed to use it.  Plaintiff responded to her contact at Defendant FRANCHISE TAX BOARD that this was a clearly erroneous conclusion.  Thereafter, this contact informed Plaintiff that the confidential submission provided by Plaintiff would now go to "Legal" and that Defendant FRANCHISE TAX BOARD would be back in touch with Plaintiff.

40.   On or about June 2007, Plaintiff requested, in writing, assistance with Defendant

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS

LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50

UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 13

FRANCHISE TAX BOARD from her State Senator's Office, including possible assistance with an in-person meeting, due to Defendant FRANCHISE TAX BOARD'S failure to respond to her while continuing to retain her trade secret protected and registered intellectual property that was subject to the mutually executed Non-Disclosure and Non-Use Agreement of December 2006. Upon Plaintiff's State Senator's inquiry into the matter on her behalf, Defendant FRANCHISE TAX BOARD continued to assert to his office the nonsensical assertion that they could not use Plaintiff's trade secret protected and thereafter United States Patent protected method, yet continued to retain all such confidential information Plaintiff had provided them.

41.    On or about September 2007, Plaintiff wrote the State Controller's Office, Defendant JOHN CHIANG, explaining the situation and requested an in-person meeting with Defendant FRANCHISE TAX BOARD in order to make a graphics aided, step-by-step presentation to said agency as to Plaintiff's trade secret protected and thereafter United States Patented intellectual property, the subject of the mutually executed December 2006 Non-Disclosure and Non-Use Agreement between the parties. A staff attorney of Defendant JOHN CHIANG'S responded to Plaintiff, stating that as to a contract with Plaintiff, her compensation, "if any", he said, would be subject to normal state "bidding" procedures. Plaintiff immediately admonished this staff attorney that he could not be more incorrect in that if a product or service is protected by a patent pending status with the United States Patent and Trademark Office, any use of it by any party other than the inventor(s) would be cause for civil and criminal liability, and

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS
LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50
UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 14

1   accordingly he could not possibly "bid" as to Plaintiff's invention, nor subject it to same.

2   This employee thereafter apologized to Plaintiff for his comments.

3   42.     On or about October 2007, Defendant FRANCHISE TAX BOARD employee Lisa

4

5   Crowe contacted Plaintiff telephonically and agreed to meet with Plaintiff as to her trade

6   secret protected and thereafter United States Patented intellectual property, and

7   indicated that several others from defendant FRANCHISE TAX BOARD would be in

8   attendance as well.

9
   43.     On November 16, 2007, Plaintiff met at Defendant FRANCHISE TAX BOARD
10
   Headquarters with Defendant NANCY PARKER, in-house tax counsel for Defendant
11
   FRANCHISE TAX BOARD; Defendant FRANCHISE TAX BOARD employee Lisa
12
13   Crowe, and a supervisor of Crowe's named "Scott", who failed to provide a last name or

14   give Plaintiff a business card.  In this meeting, Plaintiff presented all attendees with a
15
   detailed, step-by-step, graphics aided marketing presentation of the method (**Exhibit 3,**
16
17   **attached hereto and made a part hereof)**, including reiteration of the state's existing

18   statutory authority to use the method and thus refute the nonsensical claim that a

19   "legislative amendment" was necessary to use it.   Defendant NANCY PARKER took
20
   copious notes during Plaintiff's presentation and made but a single inquiry of Plaintiff,
21
22   which was addressed by Plaintiff and also physically noted by Defendant NANCY

23   PARKER, as Plaintiff observed this defendant write Plaintiff's response down.

24   Throughout much of the presentation, "Scott" was most uncooperative, resistant, and
25
   claimed the method would not work and was of no use to Defendant FRANCHISE TAX

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS

LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50

UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 15

BOARD, that it was too "burdensome" in his opinion. By the meeting's conclusion, however, he expressed some conciliation and left with Defendant NANCY PARKER, with both discussing Plaintiff's trade secret protected and thereafter United States Patented method as they were exiting the conference room. Lisa Crowe, however, expressed great interest in Plaintiff's registered intellectual property at all times, and walked Plaintiff out after the meeting, indicating Defendant Franchise Tax Board would be in touch.

44.     The November 16, 2007 meeting notwithstanding, by late March 2008, when Plaintiff had still received no agreement as to use of her trade secret protected and thereafter United States Patented revenue collection method from Defendants, Plaintiff made a written demand to Defendant FRANCHISE TAX BOARD to return all of her trade-secret protected and thereafter United States Patent protected intellectual property. Despite numerous follow up attempts on Plaintiff's part to Defendant FRANCHISE TAX BOARD after the November 16, 2007 meeting, all Plaintiff was ever told was that such defendant was still trying to find legal authority and a way to use Plaintiff's patent pending method. These assertions were, to Plaintiff, nonsensical in that legal authority had long existed for use of the patent pending method and this point itself had been made to Defendants time and time again, and 15 months had elapsed since Plaintiff had provided her proprietary trade secrets to Defendants, which they continued to retain and which nonsensical delays and retention of her trade secret protected and thereafter United States Patented method caused Plaintiff suspicion and

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS
LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50
UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 16

concern as to possible trade secret theft.  At this point in time, Plaintiff also made

Defendant JOHN CHIANG aware of the situation and expressed exasperation as to the

incompetence of the Defendants in their handling of the matter.  In response to

Plaintiff's written demand for the physical return of her intellectual property, Defendants

mailed same back to her in April 2008, along with written representations to Plaintiff that

Defendants could not use her patent pending tax revenue recovery method, still in trade

secret status at this point in time.  Based on these representations by Defendants,

Plaintiff thereon relied and did not believe Defendants were using her intellectual

property.

45.      On September 1, 2009, the United States Patent and Trademark Office issued

Letters Patent No. 7,584,129 to Plaintiff (**Exhibit 4,** attached hereto and made a part

hereof), granting her the Patent as sole inventor and owner.  United States Patent

protection, therefore, spans September 1, 2009 to March, 2027.  However, as Plaintiff

had filed her Provisional Patent Application with the United States Patent and

Trademark Office on May 2, 2005, Defendants were at all times aware that a

patent was pending on the method from the time they first received it in December

2006.  Thus, any use of the trade secret protected method  between December 2006

and August 31, 2009 constitutes a violation of the California Uniform Trade Secrets Act

('CUTSA'), Civil Code §3426 et seq., as well a violation of the Economic Espionage Act

of 1996, the federal trade secret theft law codified at 18 USC §1832, a federal felony,

inasmuch as Defendants have utilized the world wide web ('internet') in connection with

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS

LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50

UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 17

1    their unlawful use of Plaintiff's intellectual property, and Plaintiff alleges Defendants did

2    so both before and after September 1, 2009.  Moreover, California Penal Code 499(c)

3    criminalizes trade secret theft, as well.

4

5    46.    On September 15, 2009, Plaintiff filed for the Fictitious Business Name of

6    "Amethyst Innovations" in Santa Clara County in order to utilize and market use of her

7    now issued United States Patent as described above.

8    47.    In early 2011, Plaintiff began making efforts to remarket her now patented tax

9    revenue recovery method to the State of California, this time instead contacting the

10   State's Treasurer's Office.  Eventually, Plaintiff spoke with staff counsel there who

11   advised her to market to the State's Department of Finance.  Plaintiff then began

12   preparing for such marketing and accordingly decided to check Defendant FRANCHISE

13   TAX BOARD's website for some potentially useful information as to revenue and

14
15   taxation codes in connection with marketing to such state agency.
16

17   48.    On September 5, 2011, in the course of performing such research, Plaintiff was

18   stunned to discover clear evidence of unauthorized use of her now United States

19   Patented method for revenue recovery right on Defendant FRANCHISE TAX BOARD'S

20   website.  At some point in time between the December 2006 receipt by Defendant
21
22   FRANCHISE TAX BOARD of Plaintiff's now patented tax revenue recovery method and

23   Plaintiff's September 5, 2011 discovery of said Defendant's unlawful use of same,

24   Defendants began their unauthorized use of Plaintiff's private property, without consent

25   or legal privilege and in violation of the California Uniform Trade Secrets Act (Civil Code

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS

LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50

UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 18

Section 3426, et seq.). The proprietary, confidential and trade secret protected information was not made public prior to September 1, 2009, the date on which the United States Patent and Trademark Office granted the Patent and published Plaintiff's work as authorized by the United States Congress, as is the case with all issued United States Patents. In addition to trade secret theft, all use from September 1, 2009 to the present constitutes patent infringement, 35 United States Code §271(a).

49.     As a result of Plaintiff's September 5, 2011 discovery of Defendants' unlawful use of her trade secret protected and thereafter United States Patented revenue recovery method, Plaintiff wrote a cease and desist letter to Defendant FRANCHISE TAX BOARD, specifically to Defendant SELVI STANISLAUS, the director of said agency. In response, which Plaintiff obtained after requesting assistance with her elected officials, Defendant FRANCHISE TAX BOARD *admitted* to such use but falsely claimed that such use was not infringing as to Plaintiff's patent. Additional communications ensued between Plaintiff and Defendant FRANCHISE TAX BOARD, with the same result.

50.     Plaintiff was unequivocally clear in writing to Defendant FRANCHISE TAX BOARD that this Defendant was indeed infringing her patented revenue recovery method and that she would seek a remedy. Despite such warnings, Defendants have willfully continued to infringe, and aid and abet infringement of, Plaintiff's patent and refused to cease and desist such infringement to the present, since being first warned in writing in 2011 upon Plaintiff's discovery of their theft and

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS
LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50
UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 19

infringement of her work.

51.     On or about September 2012, Plaintiff submitted a claim for settlement of the matter to the California Government Claims Board, **though not required to do so as articulated in California Government Code §905.1**.  This Board, in response, sent Plaintiff a letter demanding a $25 fee for review of her claim, if Plaintiff "wish[ed] to pursue a claim", yet kept Plaintiff's submission and all of its accompanying evidence, never returning it to Plaintiff.  Plaintiff declined to pursue the claim process, instead resolving to pursue a legal action as soon as practicable for her as to litigation demands and as she was aware she was within the statute of limitations, as there is no statute of limitations for bringing suit for patent infringement of an in-force patent.

52.     *Unbeknownst to Plaintiff, one month later, in October 2012, Defendant HARRIS issued a press release (***Exhibit 5,*** attached hereto and made a part hereof) acknowledging receipt by her office of a "prestigious" federal grant in the amount of $200,000 for the express purpose of investigating and prosecuting intellectual property crimes, stating she would "bring those involved in intellectual property crimes to justice" and that "California's economy thrives on the intellectual property of...inventors...It is critical in California that we protect their creations from theft, misappropriation and counterfeiting."*

53.     On August 29, 2014, Plaintiff timely filed a civil action for the causes of action herein, articulating therein the criminal aspects of the action as well, specifically trade secret theft, a federal felony under 18 USC §1832, particularly given that defendants are

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS

LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50

UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 20

conducting the unauthorized use over the internet, constituting wire fraud.  Plaintiff filed

initially in state court, consistent with the 5-4 Supreme Court decision in <u>College</u>

<u>Savings Bank</u>, supra,  entirely unaware of the federal grant defendant HARRIS received

to prosecute intellectual property theft within the state and resulting waiver of immunity.

54.     In October 2014, defendants CHIANG, PARKER and FRANCHISE TAX BOARD

were personally served with the state action, and answered through their counsel,

defendants HARRIS and DUNZWEILER, in November 2014.

55.     In December 2014, astounded that the Attorney General of California was

defending the intellectual property theft and infringement that should have instead been

prosecuted, Plaintiff researched the inappropriateness of the situation and it was then

that Plaintiff discovered that defendant HARRIS had issued a press release

acknowledging receipt of a "prestigious" $200,000 federal grant to prosecute intellectual

property theft in the State of California.  The period of time Plaintiff's patent has been

infringed is unequivocally covered by the date(s) of the grant, received by defendant

HARRIS in 2012.

56.     In December 2014, Plaintiff requested of Defendant HARRIS, through her office,

a copy of the federal grant under authority of the California Public Records Act.

Defendant HARRIS failed and refused to respond, and failed and refused to ever

provide Plaintiff with a copy of the federal grant.

57.     In January 2015, defendant DUNZWEILER actually buried the federal grant issue

in a brief footnote in a pleading filed in State court, falsely and preposterously asserting

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS

LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50

UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 21

that the federal grant was a "discovery issue", when in fact discovery relates only to the evidence between the parties – and this defendant was not yet a defendant, therefore not a party.  Requested here by Plaintiff was a copy of the federal grant which would definitively establish whether or not a waiver of immunity from suit in federal court had been effectuated.  Both defendants HARRIS and DUNZWEILER intentionally and fraudulently concealed this evidence from Plaintiff.

58.     On February 5, 2015, Plaintiff obtained the subject federal grant information from a cooperative federal source, as defendants HARRIS and DUNZWEILER failed and refused to ever turn such evidence over to Plaintiff.  Upon review of the terms and conditions of even applying for, let alone receipt of, the federal monies involved, it was and is evident that by accepting the funds and participating in the program to investigate and prosecute intellectual property theft and infringement, defendant HARRIS exercised her authority to waive the state's immunity from suit in federal court.  Accordingly, Plaintiff dismissed without prejudice her state action (**Exhibit 6**, attached hereto and made a part hereof) and now proceeds in federal court, which has original jurisdiction over the subject matter of this action, patent infringement.

## **STATEMENT OF DAMAGES**

59.     Defendants' actions and omissions in causing Plaintiffs damages, particularly in light of the trade secret theft dating back years, and ongoing and willful infringement once caught and notified they were infringing Plaintiff's patent,  were intentional, despicable, oppressive, punitive, malicious, and done with a willful and conscious

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS

LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50
UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 22

disregard of Plaintiff's constitutionally protected intellectual property rights, justifying an award of punitive damages, where allowed, or treble damages as authorized by federal statute.

60.     Defendants Harris and Dunzweiler's fraudulent concealment of the federal grant paid the State of California by the federal government for the express contractual purpose of prosecuting intellectual property theft and protecting the rights of intellectual property owners, with intent to subject Plaintiff to years of oppressive litigation in state court, was particularly despicable, oppressive, punitive and malicious and done with a conscious disregard of Plaintiff's constitutionally protected intellectual property rights.  It was also in violation of the contractual agreement the California Attorney General made with the federal government, in exchange for the $200,000 grant, to investigate and prosecute such intellectual property theft as opposed to protecting and defending the state actors committing such theft and infringement, and maliciously opposing Plaintiff.

### FIRST CAUSE OF ACTION
### Patent Infringement
### 35 USC §271, et seq.

### (Against Defendants Chiang, Stanislaus, Parker, and Does 1-50)

61.     Plaintiff incorporates all preceding paragraphs as if set forth here in full.

62.     This cause of action arises under the patent laws of the United States, and in particular 35 USC 271, et seq.

63.     The '129 patent is entitled, "Escrow Method for Settlement of Tax Liens ('EMSTL' tm) (Federal, State, Local) Of Lienholders Against Real Property (Residential,

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS

LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50

UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 23

Commercial, Other)".   Plaintiff is the sole inventor and owner of the '129 patent, with

ownership of all substantial rights in the patent, including the right to exclude others

from any use and to enforce, sue, and recover damages for past and future

infringement.  A true and correct copy of the '129 patent is attached hereto as Exhibit 1.

64.     The '129 patent is in-force, valid, enforceable, and was duly and legally issued by

the United States Patent and Trademark Office on September 1, 2009.

### A.  Direct Infringement

65.     Defendants have and continue to directly infringe, and aid and abet infringement,

one or more of the claims of the '129 patent in this judicial district and elsewhere in the

State of California, and possibly interstate jurisdictions as well.  Such direct

infringement,  a strict liability tort, consists of practicing the method embodied in the '129

patent, directly and through third parties, and such infringement is conducted by

defendants via the internet, 24 hours per day, 7 days per week.  Indeed, this is where

and how Plaintiff discovered the infringement of her patent.

66.     To the extent any of the asserted claims are construed to require action that is

performed by a third party, such actions are attributable to Defendants in that

Defendants retain direction and/or control over the actions of such third parties in

connection with infringement of the '129 patent.

67.     In accordance with Fed. R. Civ. P. ('FRCP') 11(b)(3), Plaintiff will likely have

additional evidentiary support after a reasonable opportunity for discovery on this issue.

68.     Plaintiff has been severely damaged as a result of Defendants' infringing conduct

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS

LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50

UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 24

described herein.  Defendants are, therefore, liable to Plaintiff in an amount that adequately compensates Plaintiff for such past infringing conduct which, by operation of law, may not be less than a reasonably royalty, together with interest and costs as fixed by the Court under 35 USC §284.

69.    In addition, Plaintiff will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant Franchise Tax Board, its officers, employees, agents, servants, representatives, and all others acting in concert therewith from infringing, and aiding and abetting infringement of,  the '129 patent.

## SECOND CAUSE OF ACTION
### Misappropriation of Trade Secrets –
### Violations of the California Uniform Trade Secrets Act
### California Civil Code §3426, et seq.
### (Against Defendants Chiang, Stanislaus, Parker, and Does 1-50)

70.    Plaintiff incorporates all preceding paragraphs as if set forth here in full.

71.    Under California's Uniform Trade Secrets Act, CC §3426.1(c) in pertinent part, "Person" means a natural person...government, governmental subdivision or agency..."; (d) "Trade Secret" means information, including a formula, pattern, compilation, program, device, method, technique or process, that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS

LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50

UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 25

72.    CC §3426.3 provides that "(a) A complainant may recover damages for the actual loss caused by misappropriation. A complainant also may recover for the unjust enrichment caused by misappropriation that is not taken into account in computing damages for actual loss. (b) If neither damages nor unjust enrichment caused by misappropriation are provable, the court may order payment of a reasonable royalty for no longer than the period of time the use could have been prohibited. (c) If willful and malicious misappropriation exists, the court may award exemplary damages in an amount not exceeding twice any award made under subdivision (a) or (b)."

73.    California Civil Code §3426.6 provides that "An action for misappropriation must be brought within three years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered. For the purposes of this section, a continuing misappropriation constitutes a single claim."

74.    The proprietary and confidential material Plaintiff provided Defendants in December 2006 and November 2007, respectively, subject to the December 2006 Non-Disclosure and Non-Use Agreement, was trade secret protected under both state and federal law. Plaintiff took all steps to ensure confidentiality of same, as evidenced by requiring Defendants to sign the December 2006 Agreement prior to receipt, and further by marking subsequent material provided Defendants as confidential and proprietary and subject to said Agreement. Despite such diligence to protect her intellectual property on Plaintiff's part, Defendants misappropriated her work for their own financial benefit and that of the defendant agency, FRANCHISE TAX BOARD. Plaintiff's

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS
LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50
UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 26

intellectual property was and remains a valuable process of independent economic

value, unknown to Defendants until Plaintiff provided it to them.

75.     As a direct and proximate result of Defendants' acts in violation of Civil Code

§3426 et seq., Plaintiff has been damaged by way of, but not limited to, loss of trade

secrets up to September 1, 2009, loss of business advantage, lost income and profits,

in amounts presently unascertained, and Plaintiff hereby reserves the right to submit

such damages as they are incurred and/or ascertained.  As Defendants' acts were

willful and malicious, Plaintiff is entitled to an award of treble or punitive damages, as

well as legal restitution for unjust enrichment, pursuant to Civil Code Sections 3426.3(c).

Plaintiff's suit is timely filed in that the statute of limitations as to trade secret

misappropriation is three years from date of discovery of such misappropriation; Civil

Code §3426.6.  Plaintiff discovered the misappropriation and unlawful use of her

patented method by Defendants on September 5, 2011.  The delayed discovery rule is

applicable to this cause of action, which holds that the statute begins to run when a

Plaintiff discovers the trade secret misappropriation.  <u>Cypress Semiconductor</u>

<u>Corporation v. Superior Court (Silvaco Data Systems), No. H032114, California Court of</u>

<u>Appeal, Sixth District, 2008</u>.  Based on the fraudulent concealment of the federal grant

by defendants HARRIS and DUNZWEILER and resulting waiver of immunity from suit in

federal court, Plaintiff submits that she should be granted the August 29, 2014 filing

date as to damages; but for such fraudulent concealment, Plaintiff would not ever have

proceeded in state court.  These two defendants had an obligation, based on the federal

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS

LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50

UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 27

1    grant, to remove the case to this Court, yet failed and refused to do so.

2    76.    Trade secret theft is also a federal felony under 18 United States Code §1832,

3
     the basis for Plaintiff's concurrent complaints to federal law enforcement.  Moreover, as
4
5    defendants have stolen (pre-patent grant) and continue to infringe (post-patent grant)

6    use of Plaintiff's patent over the internet, they have engaged in a scheme and artifice to

7    defraud Plaintiff by wire fraud, also a federal felony, thus Plaintiff's concurrent

8    submissions to federal law enforcement as to these activities by defendants.
9
                            **THIRD CAUSE OF ACTION**
10   **Taking of Private Property for Public Use Without Just Compensation**
                       **California Constitution, Article I, §19**
11          **(Against Defendants Chiang, Stanislaus, Parker, and Does 1-50)**
12
13   77.    Plaintiff incorporates all preceding paragraphs as if set forth here in full.

14   78.    The California Constitution, Article I, §19, provides in pertinent part:

15          *"Private property may be taken or damaged for public use only when just*

16   *compensation, ascertained by a jury unless waived, has first been paid to, or into*

17   *court for, the owner...".*  (emphasis added).  This is a constitutionally mandated duty
18
19   imposed upon Defendants, which they breached and continue to breach, to Plaintiff's

20   detriment.

21   79.    35 United States Code §271(a) and (b), provide, in pertinent part:

22          "(a)...whoever without authority **makes, uses**, offers to sell, or sells any patented
23
24   invention, within the United States or imports into the United States any patented

25   invention during the term of the patent therefor, infringes the patent.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS
LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50
UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 28

(b)    Whoever actively induces infringement of a patent shall be liable as an infringer."

80.    35 United States Code §281 provides:

"A patentee shall have remedy by civil action for infringement of his/her patent."

81.    35 United States Code §284 provides, in pertinent part:

"Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court.  When the damages are not found by a jury, the court shall assess them.  In either event the court may increase the damages up to three times the amount found or assessed."

82.    35 United States Code §286 provides, in pertinent part:

"Except as otherwise provided by law, no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint for infringement in the action."  Plaintiff filed her action on August 29, 2014 and is therefore entitled to claim damages dating back to August 29, 2008 and continuing.  But for the fraudulent concealment of the federal grant which waived the state's immunity from suit in federal court by defendants HARRIS and DUNZWEILER, Plaintiff would not ever have proceeded in state court and accordingly is entitled to damages from the filing date of August 29, 2014 for the instant action, as defendants should not benefit from their fraud against Plaintiff.

83.     On September 1, 2009, United States Letters Patent No. 7,584,129 were issued to Plaintiff for her tax revenue recovery method entitled, *"Escrow Method for Settlement of Tax Liens ("EMSTL" [Trademark]) (Federal, State, Local) of Lienholders Against Real Property (Residential, Commercial, Other)"*.  Plaintiff is the sole inventor and owner of said United States Patent, owned the patent throughout the period of Defendants' infringing acts, and still owns the patent.

84.     Defendants have infringed and are still infringing the Letters Patent by making, possibly selling, and by using the tax revenue recovery method that embodies the patented invention.  The patented method was invented by Plaintiff to recover tax revenues for governmental taxing authorities, which are clearly for a beneficial public use.

85.     At all times, Defendants knew Plaintiff's intellectual property was trade secret protected from the time they received a copy of her United States Patent Application in December 2006 upon execution of a Non-Disclosure and Non-Use Agreement, and thereafter their receipt in November 2007 of a graphics aided, step-by-step presentation in tangible form from Plaintiff, subject to the 2006 Non-Disclosure and Non-Use Agreement.  Upon Plaintiff's September 5, 2011 discovery online of Defendants' infringement of her patent, Plaintiff notified Defendants that her work was now patented as of September 1, 2009 and demanded in writing that Defendants cease and desist any unauthorized use, which Defendants refused, and continue to refuse, willfully infringing Plaintiff's patent.

86.    Direct patent infringement, as is the case here, is a strict liability tort. Plaintiff need only show that she is the owner of the patent, that the patent was duly and legally issued and is in force, and that Defendants infringed the patent.  Plaintiff need not prove the intent or negligence of the Defendants.  North Coast Industries v. Jason Maxwell, Inc., 972 F. 2d 1031, 1033 (9th Circuit 1992).  Defendants have willfully  infringed and continue to infringe Claim 2 of Plaintiff's patent, if not all claims, directly or under the doctrine of equivalents, despite being notified in September 2011 that such unlawful use violated Plaintiff's patent rights.  Additionally, Plaintiff alleges that Defendants may have also engaged in and continue to engage in inducing infringement of Plaintiff's patent by third parties, based on evidence right on Defendants' own website, where Plaintiff discovered indisputable evidence of infringement of her patent on September 5, 2011.

87.    Defendants have taken and damaged, and continue to take and damage, Plaintiff's patented tax revenue recovery method by way of their theft (pre patent grant) and infringement (post patent grant) of same, having converted it to their own use and benefit.    They have never paid Plaintiff for such use, though **the California Constitution _mandates_ this duty, _prior_ to any such use**.  Moreover, damage to the patent has occurred in that Plaintiff is entirely unaware as to what third parties Defendants have unlawfully disclosed her patented method to, and what third party relationships and financial arrangements have resulted from such unlawful and unauthorized use, all to Plaintiff's detriment.

88.    Additionally, Plaintiff's private intellectual property is not even subject to the

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS

LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50
UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 31

State's eminent domain authority in that the private property Defendants have misappropriated and used without legal consent or privilege is protected by *federal* law, specifically Title 35 of the United States Code. *Only* the United States, *not* the State of California, has the authority to such private property on an eminent domain basis, subject to just compensation as provided by the United States Constitution. Accordingly, Defendants' misappropriation and unlawful use of Plaintiff's United States Patented private property without just compensation is all the more egregious as a result, and clearly willful in light of all of the evidence in this case between Plaintiff and Defendants dating back to 2006.

89.    As a direct and proximate result of such unlawful taking of Plaintiff's private, trade secret and thereafter United States Patented intellectual property by Defendants, Plaintiff is entitled to legal restitution against Defendants in amounts presently unascertained, and Plaintiff hereby reserves the right to submit such restitutionary amounts as they are incurred and/or ascertained. Defendants' willful conduct, as well, justifies an award of exemplary damages.

### FOURTH CAUSE OF ACTION -
### Conversion
### (Against Defendants Chiang, Stanislaus, Parker, and Does 1-50)

90.    Plaintiff incorporates all preceding paragraphs as if set forth here in full.

91.    Under California Code of Civil Procedure §338(c), the statute of limitations on a conversion action in California is three years from the date of the conversion, unless there has been fraudulent concealment of the facts or failure of disclosure by a

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS
LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50
UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 32

fiduciary.   In that case, the statute of limitations does not commence to run until the aggrieved party discovers or ought to have discovered the conversion.   Strasberg v. Odyssey Group, Inc., 51 Cal. App. 4th 906, 916, 59 Cal. Rptr. 2d 474 (1996).

92.     Plaintiff timely filed the instant action on August 29, 2014, less than three years after her September 5, 2011 discovery of Defendants' illegal use of her intellectual property.   But for the fraudulent concealment of the federal grant which waived the state's immunity from suit in federal court by defendants HARRIS and DUNZWEILER, Plaintiff would not ever have proceeded in state court and accordingly is entitled to damages from the filing date of August 29, 2014 for the instant action, as defendants should not benefit from their fraud against Plaintiff.

93.     An action for conversion requires the Plaintiff's ownership or right to possession of the property; the defendants' conversion by a wrongful act or disposition of property rights; and damages resulting from the conversion.   "Any act of dominion wrongfully exerted over the personal property of another inconsistent with the owner's rights thereto constitutes conversion." Plummer v. Day/Eisenberg, LLP (2010) 184 Cal. App. 4th 38, 50 [108 Cal. Rptr. 3d 455]).

94.     Conversion is a strict liability tort.   Burlesci v. Petersen, 68 Cal. App. 4th 1062, 1065, 80 Cal. Rptr. 2d 704 (1998); Oakdale Village Group v. Fong, 43 Cal. App. 4th 539, 543-545, 50 Cal. Rptr. 2d 810 (1996).     At all times herein, Plaintiff was and is the sole inventor and owner of her proprietary, trade secret protected and thereafter United States Patented method for tax revenue recovery for governmental use, duly and legally

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS

LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50

UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 33

issued as United States Patent No. 7,584,129 on September 1, 2009.

95.    After Plaintiff disclosed such proprietary and trade secret protected work to Defendants upon their execution of the December 2006 Non-Disclosure and Non-Use Agreement, which Agreement acknowledged Plaintiff's sole ownership and control over such proprietary information, Defendants thereafter wrongfully converted the proprietary method to their own use and benefit, interfering with Plaintiff's exclusive ownership and control rights as conferred by her federally protected patent and for which Defendants have never paid Plaintiff, which fact was unexpectedly discovered by Plaintiff on September 5, 2011, three years after Defendants made written representations to Plaintiff in 2008 that they could not use her proprietary method for tax revenue recovery, upon which representations Plaintiff relied as to Defendants' non-use of her work. Accordingly, Defendants concealed their wrongful and illegal use of Plaintiff's intellectual property from Plaintiff. Additionally, that Plaintiff has of course retained ownership of her patent is irrelevant to Defendants' illegal use of same without paying for it – Plaintiff need only show that Defendants' have applied the intellectual property to their own use, as is the case here. Oakdale Village Group v. Fong, 43 Cal.App. 4th 539, 543-44, 50 Cal. Rptr. 2d 810 (1996).

96.    As a direct and proximate result of Defendants' wrongful conversion of her trade secret protected and thereafter United States Patented intellectual property, Plaintiff has sustained damages in amounts presently unascertained, and are therefore liable to Plaintiff for such compensatory damages resulting therefrom, in amounts presently

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS
LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50
UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 34

unascertained, and Plaintiff reserves the right to submit such compensatory damages as they are incurred and/or ascertained.

### FIFTH CAUSE OF ACTION –
#### Breach of Written Contract
**(Against All Defendants, including Does 1-50)**

97.    Plaintiff incorporates all preceding paragraphs as if set forth here in full.

98.    The elements for a breach of contract action are:   (1) the existence of the contract; (2) Plaintiff's performance of the contract or excuse for non-performance; (3) Defendants' breach of the contract; and (4) resulting damage to the Plaintiff.  Lortz v. Connell, 273 Cal. App. 2d 286, 290, 78 Cal. Rptr. 6, 8 (1969); CACI 300, 303.

99.    The Agreement of December 2006 constituted the contract between Plaintiff and Defendants.  Plaintiff performed as agreed when she disclosed her patent pending tax revenue recovery method to Defendants.  Defendants acknowledged in the Agreement at all times the method was the sole and exclusive property of Plaintiff and would be under her control, as appropriate.  Instead, however, at some point in time and despite making written representations to Plaintiff that they could not use her intellectual property, Plaintiff discovered indisputable evidence over the internet three years after such misrepresentations by Defendants to her that in fact they were using her now patented tax revenue recovery method, without her knowledge or consent, and certainly without ever paying for it.

100.   As a direct and proximate result of such breach, Defendants have caused Plaintiff damages in amounts presently unascertained, and are therefore liable to

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS

LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50
UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 35

Plaintiff for such compensatory damages resulting therefrom, in amounts presently unascertained, and Plaintiff reserves the right to submit such compensatory damages as they are incurred and/or ascertained.

101.    Plaintiff hereby complaints of Defendants HARRIS and DUNZWEILER and Does 1-50, and alleges:

102.    The federal grant of $200,000 to defendant HARRIS' office expressly intended to investigate and prosecute intellectual property crimes and protect owners of such intellectual property constituted a contract between this defendant, her deputies, including defendant DUNZWEILER, and the federal government.  By failing and refusing to investigate and prosecute the felonious conduct Plaintiff articulated in her complaint in the state action, and equally troubling, viciously opposing Plaintiff and attempting to conceal the action from the public by attempting to strike Plaintiff's Complaint, defendants HARRIS and DUNZWEILER breached the subject contract with the federal government.  Accordingly, Plaintiff is, as are all inventors and intellectual property owners within the State of California, intended third party beneficiaries of such contract.  Moreover, defendants HARRIS and DUNZWEILER violated their own internal policies, procedures and directives as also evidenced in **Exhibit 5**, attached hereto and made a part hereof, specifically internal guidelines as to investigation and prosecuting – as opposed to defending – the intellectual property theft complained of by Plaintiff in her original state Complaint.  Accordingly, Plaintiff asserts that she is entitled to pursue these defendants on a breach of contract theory, as well.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS

LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50

UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 36

## SIXTH CAUSE OF ACTION
### Breach of Fiduciary Duty
### (Against All Defendants, including Does 1-50)

103.   Plaintiff incorporates all preceding paragraphs as if set forth here in full.

104.   A fiduciary relationship is any relation existing between parties to a transaction wherein one of the parties is duty bound to act with the utmost good faith for the benefit of the other party.  Such a relation ordinarily arises where a confidence is reposed by one person in the integrity of another, and in such a relation, the party in whom the confidence is reposed, if he voluntarily accepts or assumes to accept the confidence, *can take no advantage from his acts relating to the interest of the other party without the latter's knowledge or consent*.  Cleveland v. Johnson, 209 Cal. App. 4th 1315 (2012).

105.   The elements of a breach of a cause of action for a breach of fiduciary duty are the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach.  Pierce v. Lyman, 1 Cal. App. 4th at p. 1101; Slovensky v. Friedman, 142 Cal. App. 4th 1518 (2006); Stanley v. Richmond, 35 Cal. App. 4th 1070 (1995).

106.   Defendants owed Plaintiff a fiduciary duty of non-disclosure and non-use resulting from the December 2006 non-disclosure and non-use agreement they executed with Plaintiff in order to gain access to her trade secret protected and thereafter United States Patented intellectual property.  Plaintiff took all precautions to protect her work, at this point in trade secret status, and entrusted it to Defendants upon their execution of the December 2006 agreement, which they prepared.  Instead,

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS
LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50
UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 37

however, they made written representations to her that they could not use her work after reviewing it, upon which representations she relied, yet thereafter discovered their theft, which also constitutes criminal embezzlement of her work over the internet, in clear violation of the December 2006 agreement mutually executed.  The agreement imposed the duty for as long as Plaintiff's work remained unpublished; however, the September 1, 2009 publication by the United States Patent and Trademark Office resulted from that federal agency's granting Plaintiff Letters Patent No. 7,584,129.  Accordingly, once the patent had issued as of that date, any use by Defendants' clearly constituted, and continues to constitute, patent infringement.

107.   As to Defendants HARRIS and DUNZWEILER, each had a fiduciary duty under the federal contract entered into as articulated above in exchange for the federal grant monies to investigate and prosecute intellectual property crimes and protect intellectual property inventors and owners.  They not only failed to do so, they viciously opposed Plaintiff in her efforts to adjudicate her constitutionally protected rights to protect her intellectual property and seek damages for its willful and unauthorized use by the other named defendants after she initially filed her civil action in state court, while she was unaware of the federal grant.

108.   Under California Code of Civil Procedure §3333, tort damages are awarded to compensate the Plaintiff for all of the damages suffered as a result of the Defendants' wrongful conduct.  North American Chemical Company v. Superior Court, 59 Cal. App. 4th 764 (1997).  Accordingly, as a direct and proximate result of such breach,

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS

LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50

UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 38

Defendants have caused Plaintiff damages in amounts presently unascertained, and are therefore liable to Plaintiff for such compensatory damages resulting therefrom, in amounts presently unascertained, and Plaintiff reserves the right to submit such compensatory damages as they are incurred and/or ascertained.

## SEVENTH CAUSE OF ACTION
### Constructive Fraud
### California Civil Code §1573
### (Against Defendants Chiang, Stanislaus, Parker, and Does 1-50)

109.   Plaintiff incorporates all preceding paragraphs as if set forth here in full.

110.   Constructive fraud is a breach of duty, without an actual fraudulent intent, which gains an advantage to the person in fault, by misleading another to his prejudice. California Civil Code 1573. The breach or duty must be in the context of a confidential relationship.  Gold v. Los Angeles Democratic League, 49 Cal. App. 3d 365, 373, 122 Cal. Rptr. 732, 738 (1975).  Any act, omission, or concealment involving a breach of legal or equitable duty, trust or confidence that results in damage to another, even though the conduct is not otherwise fraudulent.  Salahutdin v. Valley of Cal., Inc., 24 Cal. App. 4th 555, 562, 29 Cal. Rptr. 2d 463, 466 (1994).

111.   No intent to deceive is necessary for constructive fraud.  Tyler v. Children's Home Society of California, 29 Cal. App. 4th 511, 547, 35 Cal. Rptr. 2d 291, 312 (1994). The breach of duty must have led to an advantage gained by the breaching party. Demetris v. Demetris, 125 Cal. App. 2d 440, 444, 270 P. 2d 891, 894 (1954).  The Plaintiff must "justifiably rely" on the defendants' misrepresentation. Odorizzi v.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS

LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50

UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 39

1    Bloomfield School District, 246 Cal. App. 2d 123, 129, 54 Cal. Rptr. 533, 539 (1966).

2    112.    Constructive fraud need only be proved by a preponderance of the evidence.

3

4    Sierra National Bank v. Brown, 18 Cal. App. 3d 98, 104-06, 95 Cal. Rptr. 742, 746-747

5    (1971); California Evidence Code §115.

6    113.    By doing the acts complained of herein, as stated above, Defendants committed

7    constructive fraud against Plaintiff.

8    114.    As a direct and proximate result of such constructive fraud, Defendants are liable

9

10    to Plaintiff for damages resulting therefrom, in amounts presently unascertained, and

11    Plaintiff reserves the right to submit such damages as they are incurred and/or

12    ascertained.

13

### EIGHTH CAUSE OF ACTION
### Misappropriation of Idea – Implied in Fact Contract
### California Civil Code §1621
### (Against Defendants Chiang, Stanislaus, Parker, and Does 1-50)

14

15

16    115.    Plaintiff incorporates all preceding paragraphs as if set forth here in full.

17    116.    When an idea has been used without the permission of its creator, he/she may

18

19    protect his/her idea under an implied-in-fact contract theory. In order to establish an

20    implied-in-fact contract, one must show: That he/she prepared the work; that he/she

21    disclosed the work to the offeree for sale; that under all the circumstances attending

22    disclosure it can be concluded that the offeree voluntarily accepted the disclosure

23

24    knowing the conditions on which it was tendered; and the reasonable value of the work.

25    Aliotti v. Dakin & Co., 831 F. 2d 898, 902 (9th Circuit 1987). There is **no** exemption from

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS

LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50

UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 40

formation of an implied in fact contract for a government agency. Implied-in-Fact contracts form, in whole or in part, through conduct of the parties and not their mere exchange of promises or through words.

117. Contracts can be created by the conduct of the parties, without spoken or written words. Contracts created by conduct are just as valid as contracts formed with words. CACI §305.

118. "Unlike the quasi-contractual quantum meruit theory which operates without an actual agreement of the parties, an implied-in-fact contract entails an actual contract, but one manifested in conduct rather than expressed in words." Maglica v. Maglica (1998) 66 Cal. App. 4gth 442, 455 [78 Cal. Rptr. 2d 101].

119. The value of the benefit conferred is evidence of the reasonable value of services rendered under an implied contract. LuMetta v. US Robotics, Inc. (9th Circuit 1987) 824 F. 2d 768, 770; Ferrier v. Commercial Steel Corp. (1956) 142 Cal. App. 2d 424, 426-427, 298 P.2d 555.

120. An implied in fact contract was formed in this case, enforceable at law, when Defendants knowingly accepted and thereafter used the financial benefits conferred upon them by Plaintiff's trade secret protected and thereafter United States Patented intellectual property.

121. Defendants have moreover been unjustly enriched at Plaintiff's expense by willfully and knowingly retaining the benefits conferred on them without paying Plaintiff, and such unjust enrichment will continue to result therefrom until Defendants pay

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS

LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50

UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 41

1  Plaintiff legal restitution for the theft of her trade secret protected and thereafter United

2  States Patent protected intellectual property.

3  122.   As a direct and proximate result of such breach, Defendants are liable to Plaintiff

4  for legal restitution resulting therefrom, in amounts presently unascertained, and Plaintiff

5  reserves the right to submit such restitutionary damages as they are incurred and/or

7  ascertained.

8                              **NINTH CAUSE OF ACTION**
9              **Breach of Covenant of Good Faith and Fair Dealing**
              **(Against Defendants Chiang, Stanislaus, Parker, and Does 1-50)**
10
11  123.   Plaintiff incorporates all preceding paragraphs as if set forth here in full.

12  124.   An action for breach of the implied covenant of good faith and fair dealing

13  requires an underlying agreement of some sort.  <u>Racine  & Laramie, Ltd. v. Dept. of

14  Parks and Recreation, 11 Cal. App. 4th 1026, 1031-32, 1033 n.4, 14 Cal. Rptr. 335, 338-

15  339, 340 n.4 (1992); Smith v. City and County of San Francisco, 225 Cal. App. 3d 38,

16  49, 275 Cal. Rptr. 17, 24 (1990); Peterson Dev. Co. v. Torrey Pines Bank, 233 Cal. App.

17  3d 103, 116, 284 Cal. Rptr. 367, 375 (1991).</u>  A party to a contract breaches the

18  covenant by interfering with or failing to cooperate with the Plaintiff in the performance

19  of the contract.  <u>Witkin, Summary of California Law, Contract, 744 (8th Edition);

20  Sutherland v. Barclays American/Mortgage Corp., 53 Cal. App. 4th 299, 314, 61 Cal.

21  Rptr. 2d 614 (1997); Harm v. Frasher, 181 Cal. App. 2d 405, 415, 5 Cal. Rptr. 367, 373

22  (1960).</u>  The breaching party is liable for all damages proximately resulting from the

23  conduct.  <u>Quigley v. Pet, Inc., 162 Cal. App. 3d 877, 887-88, 208 Cal. Rptr. 394, 399-</u>

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS
LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50
UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 42

400 (1984); CACI 2423.

125.   Defendants breached the covenant of good faith and fair dealing with Plaintiff in breaching the December 2006 Non-Disclosure and Non-Use Agreement of her trade secret protected and thereafter United States Patented intellectual property, without consent and without legal privilege, when they violated the Non-Disclosure and Non-Use provisions of the Agreement, without Plaintiff's knowledge or consent, and also interfered with her control of her intellectual property, as agreed.

126.   As a direct and proximate result of such breach, Defendants are liable to Plaintiff for compensatory damages resulting therefrom, in amounts presently unascertained, and Plaintiff reserves the right to submit such compensatory damages as they are incurred and/or ascertained.

### TENTH CAUSE OF ACTION
### Fraudulent Concealment
### (Against All Defendants, including Does 1-50)

127.   Plaintiff incorporates the preceding paragraphs as if set forth here in full.

128.   Defendants CHIANG, STANISLAUS, PARKER and Does 1-50 fraudulently concealed from Plaintiff their true intentions with respect to her trade secret protected and thereafter US Patented work when they made written representations to her in 2008 that they could not use her work.  In 2011, however, Plaintiff discovered indisputable evidence over the internet, right on defendant FRANCHISE TAX BOARD's own website, of their infringement of her patented process for collecting tax revenues.

129.   Defendants HARRIS and DUNZWEILER fraudulently concealed the existence of the federal grant, and furthermore failed and refused to comply with the California Public Records Act in turning over a copy to Plaintiff, which entitled Plaintiff to proceed in federal court as opposed to state court, with intent to subject Plaintiff to years of oppressive litigation in state court and where they believed, as employees of the Office of the Attorney General, they would have an advantage over Plaintiff, a pro se inventor.

## ELEVENTH CAUSE OF ACTION
### Intentional/Negligent Infliction of Emotional Distress
### (Against All Defendants, including Does 1-50)

130.   Plaintiff incorporates the preceding paragraphs as if set forth here in full.

131.   Defendants' trade secret theft, patent infringement and aiding and abetting of same have severely damaged Plaintiff's business and rendered her unable to utilize and market her own patent and thus the resulting inability to earn income and/or royalties with said patent, all as a result of their exercise of dominion and control over her patented process, and all of which has caused Plaintiff substantial emotional distress.

## RELIEF REQUESTED

132.   WHEREFORE, Plaintiff respectfully requests that this Court enter an Order:

a.     That Defendant FRANCHISE TAX BOARD has infringed (literally and/or under the doctrine of equivalents) one or more claims of the Asserted Patent;

b.     That a permanent injunction enjoining FRANCHISE TAX BOARD and its officers, employees, directors, agents, attorneys, servants, and all others acting in active concert or participation with FRANCHISE TAX BOARD from infringing, and

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - PATENT INFRINGEMENT AND PENDENT STATE LAW CLAIMS

LESLIE PERALTA dba AMETHYST INNOVATIONS v. CA FRANCHISE TAX BOARD, SELVI STANISLAUS, NANCY PARKER, JOHN CHIANG, KAMALA HARRIS, KRISTA DUNZWEILER AND DOES 1-50
UNITED STATES DISTRICT COURT, NOFRTHERN DISTRICT OF CALIFORNIA - PAGE 44

aiding and abetting infringement of, the asserted Patent be issued;

c.    That Plaintiff be awarded a judgment to pay Plaintiff its damages, costs, and pre-judgment and post-judgment interest for FRANCHISE TAX BOARD's infringement of the Asserted Patent and theft of same pre-patent grant;

d.    That Plaintiff be awarded treble damages and/or punitive damages for FRANCHISE TAX BOARD's willfull infringement of the Asserted Patent, and theft of the Asserted Patent while in trade secret status pre-grant;

e.    That Defendants be ordered to disclose all improper gains, bonuses, and other benefits obtained via their unlawful use of Plaintiff's trade secret protected and thereafter United States patented intellectual property;

f.    For a full and complete accounting of the unauthorized and unlawful use of Plaintiff's trade secret protected and thereafter United States patented intellectual property;

g.    For a constructive trust for Plaintiff's benefit to be imposed upon all revenues derived from Defendants' unlawful acts and misappropriation of Plaintiff's trade secret protected and thereafter United States patented intellectual property;

h.    For all other such relief as this Court deems just and proper.

133.    Plaintiff demands a jury trial on all issues.

Respectfully submitted this 4th day of April, 2015,

LESLIE PERALTA dba
AMETHYST INNOVATIONS
Plaintiff in Pro Se