United States District Court
Northern District of California

1

2

3

4              UNITED STATES DISTRICT COURT

5             NORTHERN DISTRICT OF CALIFORNIA

6

7    LESLIE ANN PERALTA,                    Case No.  15-cv-01595-WHO

           Plaintiff,
8
                                            **ORDER GRANTING MOTION TO**
        v.                                  **DISMISS; DENYING MOTION FOR**
9                                           **SANCTIONS**
     CALIFORNIA FRANCHISE TAX BOARD,
10   et al.,                                Re: Dkt. Nos. 9, 26

11         Defendants.

12

13                        **INTRODUCTION**

14        *Pro se* plaintiff Leslie Peralta accuses officials of the California Franchise Tax Board

15   ("FTB") of misappropriating her patented method for locating and collecting governmental tax

16   revenues in lien status for federal, state and local governments.  She brings causes of action for

17   patent infringement and related state-law claims against the FTB and John Chiang, California

18   State Controller and Chair of the FTB, Selvi Stanislaus, Executive Director of the FTB, and Nancy

19   Parker, in-house counsel for the FTB.  Peralta also accuses California Attorney General Kamala

20   Harris and Deputy Attorney General Krista Dunzweiler of improperly defending the FTB against

21   these charges and of fraudulently concealing a conflict which bars the representation.

22        The Eleventh Amendment bars claims in federal court against state agencies and state

23   officials acting in their official capacities.  Peralta's patent claim for damages against the FTB and

24   FTB officials in their official capacities is therefore DISMISSED WITH PREJUDICE.  However,

25   the Eleventh Amendment does not bar claims against state officials acting in their individual

26   capacities or for injunctive relief.  Peralta's infringement claims for injunctive relief and against

27   the FTB officials in their individual capacities are therefore DISMISSED WITH LEAVE TO

28   AMEND.  Her state-law claims, aside from her contract claim, are time-barred and are

1    DISMISSED WITH PREJUDICE.  Her contract claim against the FTB defendant is DISMISSED

2    WITH LEAVE TO AMEND because, as pleaded, it does not state claims against the defendants in

3    their individual capacities and is barred by the Eleventh Amendment and for failure to exhaust

4    administrative remedies.  Her contract claims against the Attorney General defendants are

5    DISMISSED WITH PREJUDICE because Peralta cannot plausibly plead that those defendants

6    acted in their individual capacities in their representation of the FTB defendants.[1]

7                                    **BACKGROUND**

8           In 2005, Peralta applied for a patent on her invention of a method for locating and

9    collecting governmental tax revenues in lien status for federal, state and local governments.

10   Compl. ¶ 35 [Dkt. No. 1].  In May 2006, while her patent application was pending, Peralta began

11   marketing her invention to the FTB.  *Id*. ¶ 37.  In December 2006, the FTB executed a Non-

12   Disclosure and Non-Use Agreement ("NDA") with Peralta in order to review her invention.  *Id.* ¶

13   38.  The NDA was prepared by defendant Parker, in-house counsel for the FTB and signed by

14   non-party Carol Williams on behalf of the FTB.  *Id*.; Dkt. No. 1-1.

15          In March 2007, the FTB advised Peralta that it was unable to use her invention.  *Id*. ¶ 39.

16   Peralta's "contact" at the FTB informed her that the confidential information she had submitted for

17   review would be turned over to the legal department and that the FTB would be back in touch with

18   her.  *Id*.  Over the next year, Peralta continued marketing her invention to the FTB while

19   repeatedly asking the FTB to return her intellectual property.  *Id*. ¶¶ 40-44.  The FTB returned the

20   intellectual property to her in April 2008, along with a written statement that it could not use her

21   invention.  *Id*. ¶ 44.

22          The Patent and Trademark Office issued a patent on Peralta's invention on September 1,

23   2009.  *Id.* ¶ 45.  The patent, entitled "Escrow Method for Settlement of Tax Liens ('EMSTL'™)

24   (Federal, State, Local) of Lienholders Against Real Property (Residential, Commercial, Other),"

25

26   ---
[1] Defendants asked that all Peralta's claims be dismissed with prejudice because she previously

27   voluntarily dismissed her state court complaint after defendants filed two demurrers and one
     motion for sanctions, and prevailed on a motion to disqualify their attorneys, defendants Harris

28   and Dunzweiler.  However, this is Peralta's first federal complaint and she is *pro se*.  I will allow
     her to amend those claims that have any potential to be plausibly pleaded.

United States District Court
Northern District of California

1    was assigned U.S. Patent Number 7,584,129.  *Id.*; Compl. Ex. 4.

2           In 2011, Peralta prepared to market her invention to the California Department of Finance.

3    *Id.* ¶ 47.   To prepare, she reviewed the FTB website for potentially useful information regarding

4    revenue and taxation codes.  *Id.*  On September 5, 2011, in the course of her review, Peralta "was

5    stunned to discover clear evidence of unauthorized use" of her now-patented invention on the FTB

6    website.  *Id.* ¶ 48.  She wrote a cease and desist letter to defendant Stanislaus, the director of the

7    FTB.  *Id.* ¶ 49.  In response, the FTB "admitted to such use but falsely claimed that such use was

8    not infringing."  *Id.*  Additional correspondence between Peralta and the FTB followed, with the

9    same result.  *Id.*  Despite her warnings, the FTB continues to infringe the patent.

10          In September 2012, Peralta submitted a claim to the California Government Claims Board

11   for the alleged misappropriation of her invention.  *Id.* ¶ 51.  In response, the board informed her

12   that she needed to pay a $25 fee to pursue her claim.  *Id.*  She decided not to pursue the claim

13   process, choosing to pursue a legal action instead.[2]  *Id.*

14          In August 2014, Peralta filed a civil action against the FTB defendants in California state

15   court, alleging trade secret misappropriation and related state-law claims.  *Id.* ¶ 53.  She was

16   "astounded" to learn that the California Attorney General, represented by Deputy Attorney

17   General Dunzweiler, was defending the FTB defendants in that action and "researched the

18   inappropriateness of the situation."  She discovered that the California Attorney General had

19   received a $200,000 federal grant to prosecute intellectual property theft in California.  *Id.* ¶ 55.

20

21

22   [2] Peralta argues that she was not required to submit her claim to the California Government
     Claims Board because all of her causes of action "originate from the unlawful taking of Plaintiff's
23   constitutionally (both state and federal) protected private intellectual property."  Compl. ¶ 18.  She
     is mistaken.  Her claims are not all based on a taking under the California Constitution.  She
24   alleges statutory, contract, and common law claims which are undoubtedly subject to the
     California Government Claims Act.  Peralta does include a cause of action for Taking of Private
25   Property for Public Use Without Just Compensation under Article I, section 19 of the California
     Constitution, but, as discussed below, that claim is preempted by the California Uniform Trade
26   Secret Act and time-barred.  There is no question that her contract and tort claims are subject to
     the Government Claims Act and that she has not complied with it.  Her state-law claims are also
27   barred by the Eleventh Amendment, wholly separate from her failure to comply with the claims
28   process.

1    In December 2014, she requested a copy of the grant from California Attorney General Harris

2    under the California Public Records Act, but she was never provided a copy of the grant. *Id.*

3    In February 2015, Peralta obtained information about the grant "from a cooperative federal

4    source." *Id.* ¶ 58. After reviewing the terms of the grant, she determined that by accepting federal

5    funds and participating in a program to prosecute intellectual property crimes, Attorney General

6    Harris had exercised her authority to waive California's Eleventh Amendment immunity from suit

7    in federal court. *Id.* ¶ 58. She contends that Attorney General Harris and Deputy Attorney

8    General Dunzweiler fraudulently concealed the federal grant from her in order to subject her to

9    "years of oppressive litigation in state court." *Id.* ¶ 60. She also alleges that the Attorney

10   General's representation of the FTB defendants in the state litigation against claims of intellectual

11   property theft violates the Attorney General's agreement with the federal government to

12   investigate and prosecute intellectual property theft, for which it accepted the federal grant. After

13   resolving that California had waived its immunity from suit in federal court, Peralta dismissed her

14   state action and filed suit in federal court, arguing that the federal court has original jurisdiction

15   over this matter based on her patent infringement claim. *Id*. ¶ 58.

16   Peralta alleges causes of action for (i) patent infringement against Chiang, Stanislaus, and

17   Parker; (ii) trade secret misappropriation under the California Uniform Trade Secrets Act against

18   Chiang, Stanislaus, and Parker; (iii) taking private property without compensation under the

19   California Constitution against Chiang, Stanislaus, and Parker; (iv) conversion against Chiang,

20   Stanislaus, and Parker; (v) breach of contract against all defendants; (vi) breach of fiduciary duty

21   against all defendants; (vii) constructive fraud against Chiang, Stanislaus, and Parker; (viii)

22   misappropriation of idea-implied in fact contract against Chiang, Stanislaus, and Parker; (ix)

23   breach of covenant of good faith and fair dealing against Chiang, Stanislaus, and Parker; (x)

24   fraudulent concealment against all defendants; and (xi) intentional/negligent infliction of

25   emotional distress against all defendants. She seeks damages, costs, and an injunction barring the

26   FTB and its employees from infringing her patent. *Id.* ¶ 132.

27   Defendants move to dismiss. I heard oral argument on the motion on August 12, 2015.

28

United States District Court
Northern District of California

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff.  *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

**DISCUSSION**

Peralta's only basis for federal jurisdiction is her claim for patent infringement (first cause of action).  This claim faces significant obstacles.  The Eleventh Amendment bars suits for damages against state agencies and state officials in federal court, so her patent claim can only proceed for injunctive relief or against the FTB officials in their individual capacities.  To date, she has not adequately stated a claim for infringement, much less that the infringement was committed by FTB officials acting in their individual capacities.  Without a viable patent claim, there is no federal jurisdiction for Peralta's state-law claims.

If Peralta states a viable federal claim, I might have supplemental jurisdiction over any viable state-law claim.  But her state law claims against the FTB and state officials acting in their

1    official capacities are all barred by the Eleventh Amendment, whether for damages or injunctive

2    relief.  *See, e.g., Earles v. State Bd. of Certified Pub. Accountants of Louisiana*, 139 F.3d 1033,

3    1040 (5th Cir. 1998) ("plaintiffs' suit may proceed against the individual members of the Board

4    under the doctrine of *Ex parte Young,* but the limitations of the doctrine require that the plaintiffs'

5    state-law claims be dismissed upon remand"); *Steshenko v. Gayrard*, 44 F. Supp. 3d 941, 950

6    (N.D. Cal. 2014) ("the *Ex parte Young* doctrine does not exempt from Eleventh Amendment

7    immunity Plaintiff's state law claims—FEHA claim, Bane Act claim, and IIED claim—against the

8    Board of Trustees. Thus, the Eleventh Amendment bars Plaintiff's state law claims against the

9    Board of Trustees").  Her state-law claims would not be barred by the Eleventh Amendment if

10   they were against state officials acting in their individual capacities, except that all but her contract

11   claim are time-barred.  And as pleaded, her contract claim does not state a claim against any

12   defendant in his or her individual capacities.

### I.    THE ELEVENTH AMENDMENT

#### A.  The Eleventh Amendment bars Peralta's claims against state agencies and state officials acting in their official capacities

The Eleventh Amendment to the United States Constitution prevents citizens from

bringing suits against a state and its officials in federal court without the state's consent.  *Idaho v.*

*Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 267-68 (1997); *see also Hans v. Louisiana,* 134 U.S.

1, 17 (1890).  Accordingly, Peralta's patent infringement and state law claims are barred by the

Eleventh Amendment unless California waived its Eleventh Amendment immunity.  *See, e.g.,*

*Pennington Seed, Inc. v. Produce Exch. No. 299*, 457 F.3d 1334, 1340-41 (Fed. Cir. 2006)

(Eleventh Amendment barred patent infringement suit against University of Arkansas and its

officials); *Earles v. State Bd. of Certified Pub. Accountants of Louisiana*, 139 F.3d 1033, 1039

(5th Cir. 1998) (plaintiffs' state-law claims barred by Eleventh Amendment).

Peralta contends that California Attorney General Kamala Harris waived California's

Eleventh Amendment immunity by applying for, and accepting, a $200,000 grant from the federal

government in 2012 to investigate and prosecute intellectual property theft.  Compl. ¶ 8.  She

contends that the grant "was made on the express condition that the state be subject to any and all

United States District Court
Northern District of California

6

1    federal statutes and regulations involving intellectual property rights, as any other defendant

2    would be for like violations." *Id.*

3         I have reviewed the information about the grant submitted by Peralta and defendants.

4    There is no mention of the Eleventh Amendment, much less anything which operates as a waiver

5    of Eleventh Amendment immunity.  At the hearing on this matter, I asked Peralta to identify

6    specifically what in the grant material constituted a waiver of Eleventh Amendment immunity.

7    Peralta responded that by accepting the grant, California agreed to follow all federal laws which,

8    in her mind, includes agreeing to be sued for violating federal patent rights.  But merely agreeing

9    to follow federal law is insufficient; waiver of the Eleventh Amendment will only be found

10   "where stated by the most express language or by such overwhelming implications from the text

11   as (will) leave no room for any other reasonable construction."  *Edelman v. Jordan*, 415 U.S. 651,

12   673 (1974).  Peralta has not pointed to express language in the grant materials indicating Eleventh

13   Amendment waiver, nor text which leaves no room for any other conclusion.  Moreover, "mere

14   receipt of federal funds cannot establish that a State has consented to suit in federal court."

15   *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 246-47 (1985), abrogated on other grounds as

16   noted in *Lane v. Pena*, 518 U.S. 187, 198 (1996).  Accordingly, the Eleventh Amendment bars

17   Peralta's patent claim and all state-law claims against the FTB and all individual defendants acting

18   in their official capacities.[3]

19         **B.  Peralta's claim for injunctive relief is insufficiently pleaded**

20         Peralta also seeks to enjoin FTB officials from violating her patent rights.  Under the *Ex*

21   *parte Young* doctrine, claims to enjoin state officials from violating patent laws are not barred by

22   the Eleventh Amendment.[4]  *See Pennington Seed*, 457 F.3d at 1341 ("continuing prospective

23

---

24   [3] As discussed below, under the *Ex parte Young* doctrine, the Eleventh Amendment does not bar a
25   patent infringement claim for injunctive relief against FTB officials.

26   [4] The *Ex Parte Young* doctrine does not apply to claims for injunctive relief against state officials
     for violations of *state* law.  *See Dube v. State Univ. of New York*, 900 F.2d 587, 595 (2d Cir. 1990)
27   ("a federal court's grant of injunctive relief against a state official may *not* be based on violations
     of state law") (emphasis in original).  Accordingly, the Eleventh Amendment bars Peralta's state
28   law claims against state officials, whether for damages or injunctive relief.

United States District Court
Northern District of California

1    violations of a federal patent right by state officials may be enjoined by federal courts under the *Ex*

2    *parte Young* doctrine; however, the Eleventh Amendment precludes the plaintiff from obtaining

3    monetary damages from individual defendants in their official capacities").  To state a claim for

4    injunctive relief for patent infringement against a state official, there must be a nexus between the

5    state official and the infringement, "or else the suit will merely make him a representative of the

6    state and therefore improperly make the state a party to the suit."  *Id*. at 1342 (citing *Ex parte*

7    *Young*, 209 U.S. 123, 157 (1908)).

8         Peralta names Chiang, Stanislaus, and Parker as defendants in her patent infringement

9    claim, but she has not alleged a sufficient nexus between them and the alleged infringement.  She

10   alleges that Chiang, as Controller and Chair of the FTB, "was aware of and in a position to

11   terminate and remedy the harm caused Plaintiff by theft and infringement of her intellectual

12   property, but failed and refused to ever do so."  Compl. ¶ 27.  She likewise alleges that Stanislaus,

13   as Executive Director of the FTB, "was in a position to terminate and remedy the harm caused

14   Plaintiff by theft of her intellectual property, but failed and refused to ever do so."  *Id*. ¶ 28.  But

15   "a broad general obligation to prevent a violation" is insufficient to state a claim for patent

16   infringement against a state official; Peralta must plausibly allege that Chiang and Stanislaus

17   committed the actual infringement.  *Pennington Seed*, 457 F.3d at1342-43 ("Allegations that a

18   state official directs a University's patent policy are insufficient to causally connect that state

19   official to a violation of federal patent law—i.e., patent infringement.  A nexus between the

20   violation of federal law and the individual accused of violating that law requires more than simply

21   a broad general obligation to prevent a violation; it requires an actual violation of federal law by

22   that individual.").

23        Peralta alleges that Parker, in-house counsel with the FTB, prepared the NDA that Peralta

24   executed with the FTB, and that she was present at a meeting where Peralta presented FTB

25   attendees a "detailed, step-by-step, graphics aided marketing presentation of the method."  Compl.

26   ¶¶ 38, 43.  She further alleges that the infringement "consists of practicing the method embodied

27   in the '129 patent, directly and through third parties, and such infringement is conducted by

28   defendants via the internet, 24 hours per day, 7 days per week."  Compl. ¶ 65.  This is insufficient.

1   Parker's act of preparing the NDA, on its own, has no bearing on her alleged infringement of

2   Peralta's patent, and Parker's mere receipt of Peralta's "graphics aided marketing presentation" is

3   insufficient for me to infer that Parker infringed the patented method.  Peralta attaches the

4   presentation and the patent to her complaint, but she has not explained what information in the

5   presentation relates to her patent.  Dkt. Nos. 1-3, 1-4.  Her allegation that the "infringement is

6   conducted by defendants via the internet, 24 hours per day, 7 days per week" is conclusory and

7   does not describe what role Parker had any role in the infringement.

8          Peralta's infringement claim also fails because she has not put defendants on notice of the

9   alleged infringement in any meaningful detail.  *See, e.g.*, *Wistron Corp. v. Phillip M. Adams &*

10  *Associates, LLC*, 10-cv-4458 EMC, 2011 WL 4079231, at *4 (N.D. Cal. Sept. 12, 2011) (generic

11  descriptions of accused product, i.e., "computer chips, motherboards, computers" were insufficient

12  to state infringement claim); *Bender v. LG Electronics U.S.A., Inc.*, 09-cv-02114 JF (PVT), 2010

13  WL 889541, at *3 (N.D. Cal. Mar. 11, 2010) ("without identifying specific products or product

14  parts, Bender has not put Defendants on notice as to what products or parts are subject to the

15  infringement claim").

16         Peralta's claim for injunctive relief for patent infringement against Chiang, Stanislaus and

17  Parker is DISMISSED WITH LEAVE TO AMEND.  In order to state a claim for injunctive relief

18  for patent infringement against Chiang, Stanislaus or Parker, Peralta must (i) put defendants on

19  notice of what aspect of the FTB website is subject to her infringement claim and (ii) plausibly

20  allege that Chiang, Stanislaus, or Parker is actually committing ongoing infringement.

21         **C.  Peralta's "individual capacity" claims against the defendants are based on the**
           **defendants' conduct as state officials, and are barred.**
22
           State officials can be sued in their personal or individual capacities without running afoul
23
    of the Eleventh Amendment.  "To determine whether the defendants are sued in their personal
24
    capacities, the court must examine the specifics of the conduct involved and not merely look at the
25
    caption of the complaint."  *Han v. Dep't of Justice*, 824 F. Supp. 1480, 1490 (D. Haw. 1993) *aff'd*
26
    *sub nom. Han v. U.S. Dep't of Justice*, 45 F.3d 333 (9th Cir. 1995).  To state a claim against state
27
    officials in their individual capacities, the complaint must set forth allegations from which the
28

United States District Court
Northern District of California

9

1    court can infer that the individuals acted in their individual capacities. *See Scott v. California*

2    *State Lotto*, 19 F.3d 1441 (9th Cir. 1994).

3          Peralta's caption states that she sues all defendants in their individual and official

4    capacities, but her actual claims do not include any factual allegations from which I can infer that

5    the defendants acted in their individual capacities.  The alleged patent infringement occurs only on

6    the FTB website, not in connection with anything Chiang, Stanislaus, or Parker do in their

7    individual (non-official) capacities.  Moreover, Peralta alleges that "the online evidence of

8    intellectual property theft and patent infringement Plaintiff discovered on September 5, 2011 is

9    directly linked" to Parker, and that Parker was "acting within the course and scope of her

10   employment" at all times.  Compl. ¶ 29.  It is difficult to see how the alleged infringement can be

11   attributed to Chiang, Stanislaus, or Parker in their individual capacities.  Nonetheless, I give

12   Peralta LEAVE TO AMEND to attempt to state claims for patent infringement against Chiang,

13   Stanislaus, or Parker in their individual capacities.

14         Peralta's claims against Attorney General Harris and Deputy Attorney General Dunzweiler

15   are based on their representation of the FTB defendants.  The Attorney General is obligated to

16   defend California state agencies in lawsuits and Peralta has set forth no basis for a claim that

17   Harris or Dunzweiler acted in their individual capacities when they represented the FTB

18   defendants.  Because Peralta cannot cure this defect by amendment, her claims against Attorney

19   General Harris and Deputy Attorney General Dunzweiler are DISMISSED WITH PREJUDICE.

20   **II.    PERALTA'S STATE LAW CLAIMS FAIL**

21         As noted above, because of California's Eleventh Amendment immunity, Peralta's state

22   law claims are only viable, if at all, as claims against the officials in their individual capacities.

23   Her state law claims, however, are time-barred and inadequately pleaded.

24         **A. The California Uniform Trade Secret Act pre-empts all of Peralta's state claims
             except for the contract claim**

25
           The California Uniform Trade Secret Act, Cal. Civ. Code § 3426.7 ("CUTSA"), "preempts

26   common law claims that are based on the same nucleus of facts as the misappropriation of trade

27   secrets claim for relief." *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal.

28

United States District Court
Northern District of California

1   App. 4th 939, 958 (2009) (citing *Digital Envoy, Inc. v. Google, Inc.*, 370 F. Supp. 2d 1025, 1035

2   (N.D. Cal. 2005)).  CUTSA does not preempt contractual claims, criminal actions, and other civil

3   remedies that are not based upon misappropriation of a trade secret.  Cal. Civ. Code § 3426.7(b).

4   Peralta's claims for taking (third cause of action), conversion (fourth cause of action),

5   breach of fiduciary duty (sixth cause of action), constructive fraud (seventh cause of action),

6   misappropriation of idea-implied in fact contract (eighth cause of action), breach of covenant of

7   good faith and fair (ninth cause of action), fraudulent concealment (tenth cause of action), and

8   infliction of emotional distress (eleventh cause of action) are based on the same nucleus of

9   operative facts as her claim for alleged misappropriation of trade secrets claim and are pre-empted

10  by the CUTSA.[5]  Those claims are DISMISSED WITH PREJUDICE.  Only Peralta's contract

11  claim (fifth cause of action) and her actual CUTSA claim (second cause of action) are not

12  preempted by CUTSA.

### B. Peralta's trade secret claim is time-barred

14  A CUTSA claim "must be brought within three years after the misappropriation is

15  discovered or by the exercise of reasonable diligence should have been discovered."  Cal. Civ.

16  Code § 3426.6.  "[A] continuing misappropriation constitutes a single claim," for purposes of

17  calculating the statute of limitations.  *Id*.  Peralta alleges that she discovered "clear evidence of

18  unauthorized use" of her invention on September 5, 2011.  Compl. ¶ 48.  This action was filed on

19  April 8, 2015, more than three years later, and her CUTSA claim is time-barred.[6]

20  Peralta argues that her claims are timely because she timely filed the state action in August

21  2014 and would have preserved that filing date but for defendants' "refusal to remove the action to

22  federal court in compliance with the terms and conditions of the federal grant."  Dkt. No. 17 at 17.

---

24  [5] Peralta appears to concede that her non-contractual claims are preempted.  She argues that
    "defense counsel admits that CUTSA is not a foreclosing remedy if other claims are 'contractual'
25  in nature.  Plaintiff did make contractual claims as well (See Plaintiff's Complaint, Paragraphs 97-
    108; 115-126). Therefore, this defense fails."  Dkt. No. 17 at 26.

26  [6] Peralta's common law claims have two or three year statute of limitations and would be time-
27  barred even if not preempted by CUTSA.  *See* Code Civ. Proc., § 338(c)(1), (d) (takings,
    conversion, and fraud claims subject to three-year statute of limitations); Code Civ. Proc. § 335.1
28  (infliction of emotional distress claims subject to two-year statute of limitations).

United States District Court
Northern District of California

1    But the federal grant did not require defendants to remove the state action to federal court.

2    Peralta's voluntarily dismissal of the state action does not toll the statute of limitations.  *See, e.g.,*

3    *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1127 (9th Cir. 2008) ("Johnson's

4    voluntary dismissal of his state court action is not an event to which equitable tolling applies.").

5         Peralta also argues that her claims are timely because they were tolled until she discovered

6    the Attorney General's alleged fraudulent concealment of the federal grant and because the

7    infringement is continuing.  Neither argument is convincing.  First, the federal grant and Peralta's

8    awareness of it have no bearing on her trade secret allegations.  She alleges that she discovered

9    "clear evidence of unauthorized use" of her invention on September 5, 2011.  Compl. ¶ 48.  Her

10   subsequent discovery of the federal grant does not undo her discovery of her claim and re-start the

11   statute of limitations.  Second, CUTSA expressly provides that "a continuing misappropriation

12   constitutes a single claim," for purposes of calculating the statute of limitations, Cal. Civ. Code §

13   3426.6, meaning that the continuing violation doctrine does not apply in these circumstances.[7]

14   Peralta's claim accrued when she discovered the alleged theft in 2011.  Peralta's CUTSA claim is

15   DISMISSED WITH PREJUDICE.

16        **C.  Peralta's contract claim fails to state a claim against the defendants in their
            individual capacities**

17

18        Peralta alleges that the FTB defendants breached the 2006 NDA by using her confidential

     information without her consent.   Compl. ¶ 99.  Her contract claim is subject to a four-year statute
19
     of limitations, Cal. Code Civ. Proc., § 337, but she contends that she did not learn of the breach
20
     until September 5, 2011, when she discovered the alleged infringement.  Under California law,
21
     "the discovery rule may be applied to breaches which can be, and are, committed in secret and,
22
     moreover, where the harm flowing from those breaches will not be reasonably discoverable by
23
     plaintiffs until a future time."  *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1039 (9th Cir. 2003)
24
     (quoting *Apr. Enterprises, Inc. v. KTTV*, 147 Cal. App. 3d 805, 832 (Ct. App. 1983)).   I assume,
25

26   _____

     [7] At oral argument, Peralta cited *O'Bannon v. Nat'l Collegiate Athletic Ass'n*, 09-cv-1967 CW,
27   2010 WL 445190 (N.D. Cal. Feb. 8, 2010) in support of her argument that her claims were tolled
     by the continuing violation doctrine.  But *O'Bannon* involved antitrust violations under the
28   Sherman Act, not trade secret allegations, and is inapposite here.  *See id.* *5-6.

United States District Court
Northern District of California

1    for purposes of this motion, that Peralta's contract claim against the FTB defendants was tolled by

2    the discovery rule and is timely.

3         Peralta's contract claim fails, however, because she has pleaded no facts from which I can

4    infer that the defendants breached the contract in their individual capacities.  Absent such

5    allegations, the contract claim is barred by the Eleventh Amendment and for failure to exhaust

6    administrative remedies.  *See supra* fn.1.  In addition, Peralta has pleaded no basis for finding that

7    the individual defendants, none of whom signed the NDA, are individually liable for its breach.  It

8    is not clear that these deficiencies can by fixed by amendment, but I will give Peralta the

9    opportunity to try.  Her contract claims against the FTB defendants in their individual capacities

10   are DISMISSED WITH LEAVE TO AMEND.

11        Peralta also alleges breach of contract claims against the California Attorney General

12   defendants, contending that they breached the federal grant by (i) refusing to remove her state

13   claims, (ii) refusing to investigate and prosecute the FTB defendants' alleged misappropriation,

14   and (iii) defending the FTB defendants in this action.  As noted above, nothing in the federal grant

15   required the California Attorney General to do as Peralta wants.  In addition, Peralta is not a party

16   to the grant and cannot sue for its breach.  Her contract claims against the California Attorney

17   General defendants are DISMISSED WITH PREJUDICE.[8]

**D.  Peralta fails to state a claim for infliction of emotional distress, even if that claim is timely**

The intentional and negligent infliction of emotional distress claim pleaded in Peralta's

complaint is based on the alleged misappropriation of her trade secret and is preempted by

CUTSA and time-barred, for the reasons stated above.  Compl. ¶ 131.  In her opposition brief,

Peralta states that the infliction of emotional distress claim is based on the California Attorney

General's representation of defendants in this matter, including defending the alleged infringement

---

[8] Defendants have moved for sanctions against Peralta for frivolously naming the California
Attorney General officials as defendants.  Dkt. No. 26.  They seek monetary sanctions and for the
claims against Attorney General Harris and Deputy Attorney General Dunzweiler to be dismissed
with prejudice.  This Order dismisses the claims against Harris and Dunzweiler with prejudice.
However, I will not impose monetary sanctions against a *pro se* plaintiff in these circumstances,
and the motion for sanctions is DENIED.

United States District Court
Northern District of California

1    rather than prosecuting it, and refusing to remove the state court action to federal court.  Dkt. No.

2    17 at 25.  As discussed above, the federal grant does not obligate the Attorney General to represent

3    Peralta, bar it from representing the FTB against allegations of intellectual property

4    misappropriation, or require it to remove the state action to federal court.  Accordingly, to the

5    extent that Peralta's infliction of emotional distress claim is based on the Attorney General's

6    conduct in this action, that claim is DISMISSED WITH PREJUDICE.

7                                                    **CONCLUSION**

8              Defendants' motion to dismiss is GRANTED.  Dkt. No. 9.  Peralta's patent claims (first

9    cause of action) against the FTB and the FTB officials acting in their official capacities are

10   DISMISSED WITH PREJUDICE.  Her patent claims against FTB officials for injunctive relief

11   and against FTB officials acting in their individual capacities are DISMISSED WITH LEAVE TO

12   AMEND.  Peralta's claims for trade secret misappropriation (second cause of action), taking (third

13   cause of action), conversion (fourth cause of action), breach of fiduciary duty (sixth cause of

14   action), constructive fraud (seventh cause of action), misappropriation of idea-implied in fact

15   contract (eighth cause of action), breach of covenant of good faith and fair (ninth cause of action),

16   fraudulent concealment (tenth cause of action), and  infliction of emotional distress (eleventh

17   cause of action) are DISMISSED WITH PREJUDICE.  Peralta's contract claims against the FTB

18   defendants in their individual capacities are DISMISSED WITH LEAVE TO AMEND.  Her

19   contract claims against the FTB defendants in their official capacities and against the Attorney

20   General defendants in either their official or individual capacities are DISMISSED WITH

21   PREJUDICE.  Any amended complaint shall be filed within 30 days of this Order.

22             Defendants' motion for sanctions is DENIED.  Dkt. No. 26.

23             **IT IS SO ORDERED**.

24   Dated: August 24, 2015

25

26                                                                     WILLIAM H. ORRICK
                                                                       United States District Judge
27

28

                                                              14

United States District Court
Northern District of California